UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DeANDRE PEPPER** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | No. 3:15-0100 |
| ] | Judge Trauger |
| **ROBERT F. ARNOLD** ] | |
|     **Defendant.** ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, seeking injunctive relief and damages.

On December 29, 2014, the plaintiff became aware that someone had tampered with his legal mail. He is asking for the return of his legal mail and damages for the perceived violation of his constitutional rights.

The plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the

complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendant had knowledge of the plaintiff's legal mail or participated, either directly or indirectly, in the alleged tampering with said mail. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge